# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Kathleen Donovan, as personal representative of the Estate of Patrick William Donovan, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 4:11-cv-00885-JMC |
| v. ) ) | **OPINION AND ORDER** |
| Wal-Mart Stores, Inc., ) ) | |
| Defendant. ) ) | |

This matter is before the court on Plaintiff Kathleen Donovan's ("Plaintiff") Motion to Compel [Doc. 24] pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. For the reasons stated herein, Plaintiff's motion is granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an incident that occurred on November 29, 2008, at the Wal-Mart store in North Myrtle Beach, South Carolina. Patrick William Donovan ("Donovan") was suspected of shoplifting and engaged by two Wal-Mart Asset Protection associates, Jessica Clark and Melissa Marlow. After Ms. Clark and Ms. Marlow stopped and questioned Donovan in the atrium of the Wal-Mart store, a physical altercation ensued. David Pruett, an assistant manager, and a customer were also involved in the altercation. After the altercation, emergency personnel arrived and Donovan was found unresponsive. He was later pronounced dead after being transported to the hospital by the emergency personnel.

Plaintiff brings this action against Defendant Wal-Mart, Inc. ("Wal-Mart") alleging, among other things, negligence and wrongful death. Currently before the court is Plaintiff's Motion to

1

Compel Wal-Mart to fully respond to interrogatories and requests for the production of certain documents concerning the occurrence and resolutions of similar incidents on Wal-Mart property.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* To be relevant, the discovery sought simply must be "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenhiemer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). If a party fails to answer an interrogatory submitted pursuant to Rule 33 of the Federal Rules of Civil Procedure or fails to produce a requested document, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3).

## DISCUSSION

Plaintiff asks the court to compel Wal-Mart to respond to Plaintiff's Third Interrogatories, item number 13[1], and Plaintiff's Third Request for Production, item number 15. The requests at issue are as follows:

Plaintiff's Interrogatory No. 13

---

[1] Plaintiff actually used numeral 12 twice in Plaintiff's Third Interrogatories. The court will refer to the disputed interrogatory, which is the second interrogatory labeled by the numeral 12, as "Interrogatory No. 13" in this order.

2

> Please identify the total number of suspected and/or confirmed shoplifters who have died on Wal-Mart property or as a result of injuries sustained on Wal-Mart property between the years of 1998 and 2008, including a description of the incident and a listing of the location at which the incident took place.

Request for Production No. 15

> Please produce a listing of all lawsuits regarding incidents that occurred between the years of 1998 and 2008 against Wal-Mart Stores, Inc., and all corporate affiliates and/or subsidiaries, involving/alleging assault, battery, or wrongful death against a Wal-Mart employee while on duty within the United States. Please include a statement as to whether each incident is filed, dismissed, on appeal, and/or settled.

Wal-Mart objects to the requests on the ground that the inquiries are not calculated to lead to the discovery of admissible evidence because the information requested may not involve incidents that are similar enough to the instant case to be admissible at trial. Wal-Mart also objects that the inquiries are overly broad.

Courts have routinely found that a plaintiff in a civil litigation matter may obtain discovery concerning prior similar incidents, with reasonable limitations, if it is relevant to any matter raised in the litigation. *See, e.g., United Oil Co., Inc. v. Parts Associates, Inc.*, 227 F.R.D. 404, (D. Md. 2005) (compelling a defendant in a products liability action to produce information related to similar incidents); *Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 497 (S.D. W. Va. 2003) (accepting the Magistrate Judge's recommendation to allow discovery of similar transactions in a lender liability case). *Bates v. Firestone Tire and Rubber Co., Inc.*, 83 F.R.D. 535 (D.S.C. 1979) (allowing discovery of information concerning manufacturer's knowledge of previous injuries or lawsuits involving product). Additionally, courts have found it appropriate to compel disclosure of similar claims or incidents across a national geographic scope where the discovery was relevant to matters such as notice or knowledge or the implementation of a company-wide policy related to the relevant claim or incident. *See Pham v. Wal-Mart Stores,* Inc., No. 2:11–cv–01148–KJD–GWF,

2011 WL 5508832 (D. Nev. Nov., 9, 2011) (allowing nationwide discovery concerning accidents involving a mattress display apparatus over a five-year period); *see also Fears v. Wal-Mart Stores, Inc.*, No. CIV.A. 99-2515-JWL, 2000 WL 1679418 (D. Kan. Oct. 13, 2000) (granting a motion to compel disclosure of similar accidents involving a customer injury resulting from falling merchandise at a Wal-Mart or Sam's Club store on a nationwide basis for a five-year period). Here, Plaintiff alleges that Wal-Mart was negligent in failing to adequately train its employees in handling the circumstances at issue in this case. The requested information is relevant to that claim and may lead to admissible evidence.

      The court is not required, at this stage of the litigation, to make any determination of the actual admissibility of any other incidents. However, the court agrees with Wal-Mart's objection to the scope of the requests. Plaintiff's requests seek information beyond that which encompasses or is related to similar incidents. Plaintiff has not articulated to the court how the discovery of dissimilar incidents would have any bearing on the matters raised in this case. Additionally, while Plaintiff has indicated that the geographical scope of the requests is necessary given that the relevant Wal-Mart policies are issued and implemented on a national basis, Plaintiff has not provided any reasonable basis for the temporal requirements of the requests. The court finds that Plaintiff's requests should be more reasonably tailored to include only those incidents which are similar to the incident at issue in this case and should contain a more reasonable time period. Accordingly, the court will compel Wal-Mart to respond to Plaintiff's requests to the extent it seeks information related to incidents involving death or injury of suspected or confirmed shoplifters caused by a Wal-Mart employee or one acting on behalf of Wal-Mart. Wal-Mart shall provide its responses on a

4

national basis for the calendar years 2003 to 2008. Wal-Mart must provide its response to these requests, as limited by this order, within thirty (30) days of the entry of this order.

## CONCLUSION

Based on the foregoing, and upon consideration of the record herein, Plaintiff's Motion to Compel [Doc. 24] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

July 24, 2012
Greenville, South Carolina