# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| Kathleen Donovan, as Personal Representative of the Estate of Patrick William Donovan, | ) ) ) ) | Civil Action No. 4:11-cv-00885-JMC |
| Plaintiff, | ) ) | **ORDER APPROVING SETTLEMENT** |
| vs. | ) ) | |
| Wal-Mart Stores, Inc., | ) ) | |
| Defendant. | ) ) | |

This matter came before the Court upon the verified Petition of the Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, seeking approval of proposed settlement of claims against Wal-Mart Stores, Inc., for any and all claims under the South Carolina Survival Statute and Wrongful Death Act and for all other potential claims or causes of action. All interested parties have been accorded proper notice of the hearing and the issues. After carefully reviewing the Petition for Settlement, all documents referenced therein, and other evidence presented, the Court finds as set forth below.

## FINDINGS

1.  Petitioner Kathleen Donovan is the duly qualified and acting Personal Representative of the Estate of Patrick William Donovan, having been so appointed by the Judge of the Probate Court of Horry County, and has the authority to commence or settle legal claims on behalf of the Estate of Patrick William Donovan and his statutory beneficiaries. The Estate of Patrick William Donovan has made claims against the Defendant, Wal-Mart Stores, Inc., under the South Carolina Wrongful Death and

Survival Statutes for injuries allegedly sustained by Patrick William Donovan and his statutory beneficiaries arising out of or as a result of an incident that occurred at a Wal-Mart store in North Myrtle Beach, South Carolina in November 2008, when Patrick William Donovan died following an altercation that resulted from being stopped by Wal-Mart employees on suspicion of shoplifting, all as is more fully set forth in the Complaint filed with the Clerk of Court for the United States District Court, District of South Carolina, Florence Division for this matter.  The Defendant, Wal-Mart Stores, Inc., denied the allegations in the Complaint and has vigorously disputed the allegations throughout the course of the litigation.

2.     A settlement has been reached between the Petitioner and Wal-Mart Stores, Inc., subject to this Court's approval in which the Defendant, Wal-Mart Stores, Inc., will pay the sum of money set forth in the Confidential Settlement Agreement and disbursement sheet that has been presented and reviewed by this Court in camera, to settle any and all claims that could have been brought under South Carolina Survival Statute by the Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, and any potential claims under the South Carolina Wrongful Death Act or for any other cause.  It further appears that due consideration has been given to the advisability of accepting the proposed settlement and the Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, has recommended to this Court that the settlement as outlined in the attached Petition and discussed with the Court be approved.

3.     Petitioner and the Defendant, Wal-Mart Stores, Inc., attest and affirm that it is in the best interests of both parties to maintain the confidentiality of the settlement

amount for several reasons. First, the statutory beneficiaries are ages twenty-six (26) and twenty-four (24), respectively, and Petitioner strongly desires to keep the amount of money they will receive from being the subject of public discussion and gossip, given the circumstances of their father's death and the potential for interest from others with questionable motives. Secondly, this incident has previously been the subject of articles by an anti-Wal-Mart activist that appeared on various blogs, and the Defendant asserts that the prior involvement of an anti-Wal-Mart activist makes it likely that a public settlement amount would be used to unfairly promote the author's cause and promote public scandal through the publication of potentially libelous statements for the purpose of damaging the Defendant's business interests. Based on the parties' prior experiences with this anti-Wal-Mart activist regarding this case, Defendant's concerns are actual and not merely speculative. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (noting circumstances under which the court may compromise the common law right of access to judicial documents); *but see also K.S. v. Ambassador Programs Inc.*, No. 1:10CV439, 2010 WL 3565481 (E.D. Va. Sept. 3, 2010) (finding speculative threat of use of settlement for improper purpose was insufficient to warrant sealing of settlement agreement). Although the Court is sensitive to the public right of access to court records, based on the reasons above and for other good cause articulated by counsel during the hearing on this petition for the approval of the settlement, the Court finds that this case does not implicate an important historical event nor does a public settlement amount promote a significant public need for information that would outweigh the concerns raised by both parties. *See e.g.*, *Ashcroft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000); *In re Knight Publishing*, 743 F.2d.231 (4th Cir. 1984). The Full and Final

Confidential Settlement, Release of All Claims and Indemnity Agreement ("Settlement Agreement"), along with a Disbursement Sheet, was provided to this Court for its confidential review and consideration. Accordingly, for good cause shown and pursuant to the terms of the confidential Settlement Agreement, this Court finds that counsel for the parties, including their agents and assigns, shall maintain the confidentiality of the terms of the settlement agreement and shall not release, disclose, or otherwise publicize the terms and conditions of the confidential Settlement Agreement to any third persons by any means of communication (written, verbal, or electronic) to, by, or through any website, blog, publication, newspaper, magazine, or other type of periodical or publication available for public consumption including marketing materials promulgated by or on behalf of counsel for Petitioner.

    4.    The Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, has informed the Court that Wal-Mart Stores, Inc., its respective heirs, agents, apparent agents, servants, employees, former employees, officers, board members, related or affiliated corporations, and its heirs, successors and assigns and all other persons, firms, entities, insurers, without admitting to liability herein, have offered to pay to the Petitioner the total sum of money set forth in the confidential Settlement Agreement and disbursement sheet that has been presented and reviewed by this Court in camera, in settlement of all claims of Kathleen Donovan, as Personal Representative of the Estate of Patrick William Donovan, and any and all other potential claims. The full and final settlement amount to be paid to the Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, is a settlement of all claims of the Estate of Patrick William Donovan, by and through its

Personal Representative, Kathleen Donovan, all claims of the heirs and beneficiaries of the Estate, and all claims of the statutory beneficiaries of Patrick William Donovan against the above named entities, and for any and all other causes of action.

5. The total sum of money set forth in the confidential Settlement Agreement and disbursement sheet that has been presented and reviewed by this Court in camera is to be paid to the Petitioner the Estate of Patrick William Donovan, by and through his Personal Representative, Kathleen Donovan, in settlement and satisfaction of the claims of the Estate of Patrick William Donovan under the Survival Statute for injuries allegedly received during an incident that occurred at a Wal-Mart store in North Myrtle Beach, South Carolina in November 2008, and in settlement and satisfaction of the claims of the statutory beneficiaries of Patrick William Donovan under the South Carolina Wrongful Death Act. Attorneys' fees and reimbursement of costs incurred in the litigation will be paid as set forth in the disbursement sheet presented to the Court at the hearing.

6. I find that the Petitioner fully understands that the payments are made to effect a full and final settlement and disposition of any and all claims of the Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, the Estate of Patrick William Donovan, and the heirs and statutory beneficiaries of Patrick William Donovan arising, occurring, or accruing against Wal-Mart Stores, Inc., its respective heirs, agents, apparent agents, servants, employees, former employees, officers, board members, and its heirs, successors and assigns and all other persons, firms, entities, insurers, as a result of an incident that occurred at a Wal-Mart store in North Myrtle Beach, South Carolina in November 2008.

7.     It appears that the Petitioner and Petitioner's attorney have fully investigated the matter, and that, after giving careful consideration to all aspects of the situation, have concluded that the settlement offer is fair and advantageous from the standpoint of the Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, the heirs at law, and the statutory beneficiaries, and have asked this Court to approve the same.

8.     Upon reading and carefully considering the verified Petition addressed to this Court, the confidential Settlement Agreement, disbursement sheet, and upon observing and interviewing the parties and their attorneys, I have concluded that the settlement offer proposed is fair and just and in the best interest of the Estate of Patrick William Donovan, by and through his Personal Representative, Kathleen Donovan, and that the same should be approved.

9.     Upon payment and receipt of the sum of money set forth in the confidential Settlement Agreement and disbursement sheet that has been presented and reviewed by this Court in camera, by or on behalf of Defendant, Wal-Mart Stores, Inc., its respective heirs, agents, apparent agents, servants, employees, former employees, officers, board members, and its heirs, successors and assigns and all other persons, firms, entities, insurers, and for all other associated persons and entities, it is ordered that any claims by or on behalf of the Estate of Patrick William Donovan, by and through its Personal Representative, Kathleen Donovan, the heirs and statutory beneficiaries of Patrick William Donovan, for all damages now existing or which may occur in the future against Wal-Mart Stores, Inc., or any of its agents, officers, servants, employees, or assigns, and related corporations or entities, on account of or arising out of an incident

that occurred at a Wal-Mart store in North Myrtle Beach, South Carolina in November 2008, all as is more fully set forth in the Complaint filed with the Clerk of Court for the United States District Court, District of South Carolina, Florence Division for this matter, be forever barred.

.    **IT IS, THEREFORE, ORDERED** that upon payment by or on behalf of Wal-Mart Stores, Inc., its respective heirs, agents, apparent agents, servants, employees, former employees, officers, board members, and its heirs, successors and assigns and all other persons, firms, entities, insurers, the Petitioner be and hereby is empowered to execute a full and final release of any and all claims occurring, arising, or accruing against Wal-Mart Stores, Inc., its respective heirs, agents, apparent agents, servants, employees, former employees, officers, board members, and its related entities, corporations, successors and assigns and its insurers, from any claims, past, present, and future, known or unknown, which the Estate of and heirs and statutory beneficiaries of Patrick William Donovan, have or may in the future be entitled to have on account of matters and things set forth in the above-entitled action.

**IT IS FURTHER ORDERED** that the total payment of the sum of money set forth in the confidential Settlement Agreement and disbursement sheet that has been presented and reviewed by this Court in camera is to be received by the Petitioner in full and final settlement of any and all claims of the heirs and beneficiaries of said Deceased and attorney's fees and costs are to be paid as set forth on the disbursement sheet presented to the Court at the hearing.

**FURTHER, IT IS ORDERED** all potential claims by the Estate of Patrick William Donovan or the statutory beneficiaries of Patrick William Donovan shall be

forever ended against Defendant, Wal-Mart Stores, Inc., its respective heirs, agents, apparent agents, servants, employees, former employees, insurers, officers, board members, affiliates, subsidiaries, related corporations, and its heirs, successors and assigns.

**IT IS FURTHER ORDERED** that the Petitioner shall satisfy any and all Medical Liens, Medicare, Medicaid, Insurance Liens, or other liens against Patrick William Donovan existing as a result of or arising out of any injury to Patrick William Donovan occurring at a Wal-Mart store in North Myrtle Beach, South Carolina in November 2008.

**IT IS FURTHER ORDERED** that the Petitioner's request for the approval of attorneys' fees and legal expenses as listed in the attached disbursement sheet are hereby approved as fair and reasonable.

This is not an Order of Judgment, but merely an approval of the settlement, as provided by the statutes and laws of this State, and therefore

**IT IS ORDERED** that the Clerk of Court shall not enter this as a money judgment.

**AND IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

Florence, South Carolina
December 19, 2012